IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FREDRICO STONE**                                                    **PETITIONER**

**v.**                                                         **No. 4:19CV4-SA-JMV**

**TIMOTHY OUTLAW, ET AL.**                                 **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Fredrico Stone for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

On July 26, 2013, a jury found Fredrico Stone guilty of possession of a controlled substance as a habitual offender under Miss. Code Ann. § 99-19-81, and the Coahoma County Circuit Court sentenced Stone to serve sixteen (16) years in the custody of the Mississippi Department of Corrections (MDOC), to run consecutively to any and all sentences previously imposed. *See* Exhibit A[1] (Judgment and Sentence, Coahoma County Circuit Court, Cause No. 2012-0105).[2] Mr. Stone appealed, and on October 6, 2015, the Mississippi Court of Appeals

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

[2] Mr. Stone later pled guilty to sale of a controlled substance in a separate matter, Coahoma County Circuit Court Cause No. 2013-0052. However, the instant petition challenges only his conviction for possession of a controlled substance as a habitual offender in Coahoma County Circuit Court Cause No. 2012-0105 (ECF doc. 1).

affirmed Stone's conviction and sentence. *Stone v. State*, 188 So. 3d 593 (Miss. Ct. App. 2015), *reh'g denied*, April 12, 2016 (Cause No. 2014-KA-00480-COA). He did not seek *certiorari* review in the Mississippi Supreme Court.

The docket in Coahoma County Circuit Court Cause No. 2012-0105 reflects that, on November 2, 2016, Stone filed a Motion for Records and Transcripts, which the circuit court denied on December 12, 2016. *See* Exhibit F (Order Dismissing Motion for Records and Transcripts). In its order, the circuit court found that, because "Stone filed a direct appeal of his conviction and sentence," it was "without jurisdiction to consider the motion." *Id*. The circuit court also held that "filing a proper PCR motion is a prerequisite to obtaining free records and transcripts," and it did "not construe Stone's filing as a motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, although Stone does mention that he would like to file a PCR motion." *Id*.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

## Conviction Final

Fredrico Stone's conviction and sentence became final on April 26, 2016, fourteen (14) days after the Mississippi Court of Appeals denied Stone's motion for rehearing. *See* Exhibit D (Docket in Cause No. 2014-KA-00480-COA); *see also* 28 U.S.C. § 2244(d)(1)(a); Miss. R. App. P. 17(b) ("a petition for writ of *certiorari* for review of the decision of the Court of Appeals must be filed in the Supreme Court . . . within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing."); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

## Statutory Tolling

The Mississippi Supreme Court found that Mr. Stone's request for records was not a properly filed application for post-conviction collateral relief under state law; as such, the request does not constitute a "properly filed" post-conviction application under 28 U.S.C. § 2244(d)(2). Thus, Mr. Stone is not entitled to statutory tolling of the federal *habeas corpus* limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). However, even if the submission were a proper post-conviction motion, the instant petition would still be untimely filed. Therefore, the deadline

for Mr. Stone to seek federal *habeas corpus* relief became April 26, 2017.

## Equitable Tolling

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of showing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To do so, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255

motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

In this case, Mr. Stone alleges that "[e]ventually [he] was able to get the funds to afford the records so that [he] could properly prepare [his] post-conviction petition," which "ultimately was the reason why [his] post-conviction-collateral relief motion was delayed." ECF doc. 1, pp. 14-15. Mr. Stone is not entitled to equitable tolling on this basis, and the burden to prove equitable tolling rests with him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Stone was proceeding *pro se*; however, the Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). He has alleged no "rare and exceptional circumstances" in that would entitle him to equitable tolling. Mr. Stone would be entitled to equitable tolling of the statute of limitations only if he demonstrates that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549 (2010). He has shown neither in the present case and is thus not entitled to equitable tolling. His federal *habeas corpus* deadline thus remained April 26, 2017.

**Actual Innocence**

In paragraph 18 of his petition, after discussing the delay in filing his post-conviction proceeding discussed above, Mr. Stone merely states "ACTUAL INNOCEN[CE]." *See* ECF doc. 1, p. 15. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass

whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).

To be credible, a claim of actual innocence:

> requires petitioner to support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, *claims of actual innocence are rarely successful*.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). The Supreme Court warns that tenable actual-innocence claims are rare because a petitioner must persuade the court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citing *Schlup*, 513 U.S. at 329; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Mr. Stone offers only his bare assertion that he is actually innocent of the crime for which he was convicted, and such "conclusory allegations do not raise a constitutional issue in a *habeas* proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). As such, Mr. Stone is not entitled to *habeas corpus* relief based upon his claim of actual innocence, and his *habeas corpus* deadline remains April 26, 2017.

### The Instant Petition is Untimely Filed

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000)

(citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 11, 2018, and the date it was received and stamped as "filed" in the district court on December 20, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed nearly 20 months after the April 26, 2017, filing deadline. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of July, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE